

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-8-2007

# In Re: Arnold Lincow v. Lincow

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1514

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"In Re: Arnold Lincow v. Lincow" (2007). *2007 Decisions*. Paper 240.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/240

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-1514
_____


IN RE: ARNOLD LINCOW, D.O.;
7622 MEDICAL CENTER,

Petitioners


_____


On Petition for a Writ of Mandamus to the
United States District Court for the
Eastern District of Pennsylvania

(D.C. Civil No. 05-cv-05368)
District Judge: The Honorable Eduardo C. Robreno
_____


Submitted Under Third Circuit LAR 34.1(a)
June 15, 2007

Before: McKEE, STAPLETON, and NYGAARD, Circuit Judges.

(Filed November 8, 2007)


_____

OPINION OF THE COURT
_____



NYGAARD, Circuit Judge.

Because our opinion is wholly without precedential value, and because the parties and the District Court are familiar with its operative facts, we offer only an abbreviated recitation to explain why we will deny Dr. Lincow's petition for a writ of mandamus.

Plaintiffs State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company sued Dr. Lincow and several associates for common law fraud, violations of the Pennsylvania Insurance Fraud Statute, and violations of the Federal Racketeer Influenced and Corrupt Organizations Act. State Farm alleged that Dr. Lincow and his associates actively participated in a scheme by which they extracted over $1.4 million from insurers based upon, *inter alia*, fraudulent medical records, reports, prescriptions, bills, and referrals.

After several pre-trial conferences, two motions to dismiss, a motion for summary judgment, and numerous discovery rulings, Dr. Lincow filed a motion requesting that Judge Robreno recuse himself based on an appearance of bias.[1] Dr. Lincow contended that Judge Robreno expressed an "unfavorable predisposition" against him during criminal proceedings in 2003. After briefing and oral argument on the matter, Judge Robreno denied the motion, and denied a motion to stay the proceedings pending the present petition.

After careful review of the relevant transcripts, we conclude that Judge Robreno did not abuse his discretion when he refused to recuse himself. His remarks during the

---

[1] Dr. Lincow did not identify a statutory basis for his claim before the District Court, but now bases his claim on 28 U.S.C. §455.

Hirsh proceedings do not warrant recusal. "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Judge Robreno merely expressed his opinion that the Government should prosecute physicians, as well as other individuals who engage in insurance fraud. His comments do not reveal a "deep-seated antagonism" toward Dr. Lincow specifically, nor do they raise any serious doubts regarding his impartiality three years later.

We conclude that Judge Robreno did not abuse his discretion in refusing to recuse himself. Accordingly, we will decline to issue the writ of mandamus.

3